|     |     |
| --- | --- |
| 1   |     |
| 2   |     |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EDDIE-ALEXANDER BANKS,

    Plaintiff,

v.

GARY HUEHNERHOFF, *et al.*,

    Defendants.

CASE NO. 2:20-cv-01526-JRC

ORDER GRANTING MOTION TO DISMISS

This matter is before the Court on the parties' consent. *See* Dkt. 7; 28 U.S.C. § 636(c). Defendants seek dismissal of the complaint without leave to amend. *See* Dkt. 10.

Plaintiff's complaint relies on ill-founded legal theories purporting to invoke the Court's admiralty jurisdiction over claims arising out of a traffic stop and bench warrant for failure to appear. Even liberally construing his allegations as potentially brought under 42 U.S.C. § 1983, qualified and judicial immunity bar plaintiff's claims. Therefore, the motion to dismiss (Dkt. 10) is granted, and plaintiff's complaint is dismissed without leave to amend.

///

**BACKGROUND**

Plaintiff's claims arise from a traffic stop that defendant Gary Huehnerhoff (a City of Burlington, Washington, police officer) conducted on May 21, 2020. *See* Dkt. 1, at 2–3. Plaintiff, who was driving, alleges that defendant Huehnerhoff gave false statements and refused to identify himself and later made false findings to commence a criminal misdemeanor case in municipal court. Dkt. 1, at 3. And plaintiff alleges that defendant Thomas Verge (a judge) issued a counterfeit warrant targeting plaintiff. *See* Dkt. 1, at 3. Plaintiff includes the bench warrant, which states that plaintiff was charged with driving with a suspended license and refusal to comply with police and then failed to appear for his hearing. *See* Dkt. 1, at 21.

Plaintiff, proceeding *pro se*, brought this case against defendants Huehnerhoff and Verge in October 2020 as an "admiralty maritime claim under Rule 9(h)." Dkt. 1, at 1 (emphasis removed). Plaintiff attaches to his complaint a variety of documents purportedly supporting his claims. These include a "seaman's certificate" stating that plaintiff is "permanently assigned to his earthen vessel (body)" (Dkt. 1, at 6) and an invoice for unlawful detention signed by plaintiff as "Chief Judge" and directed to the City of Burlington police department (Dkt. 1, at 14). Plaintiff also includes documents identifying himself as "Chief Judge" of the "American Equity Banc Court of Record" (Dkt. 1, at 15) and accusing defendants of conspiring against plaintiff (Dkt. 1, at 19).

Defendants have appeared in this matter and now request that the matter be dismissed without leave to amend. *See* Dkt. 10. Plaintiff has filed no opposition, and the matter is ripe for decision.

///

///

**DISCUSSION**

When reviewing a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the Court must determine whether a complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted).  The Court does not take as true legal conclusions: "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*  Moreover, the claim must be "plausible." *Id.* at 679.

As a preliminary matter, the Court notes that plaintiff has failed to respond to defendants' motion to dismiss.  The Court takes this failure to respond as an "admission that the motion has merit." *See* Local Civil Rule 7(b)(2).

Turning to the merits of the complaint, plaintiff appears to rely on the Court's admiralty jurisdiction, citing Fed. R. Civ. P. 9(h)(1).  *See* Dkt. 1.  However, plaintiff's claim involves a traffic stop and issuance of a bench warrant and has no relation to maritime matters, notwithstanding plaintiff's attempt to invoke the Court's admiralty jurisdiction by referring to himself and the automobile as "vessels."  The complaint fails to state a plausible claim under admiralty law or to establish jurisdiction under 28 U.S.C. § 1333.  Nor is this plaintiff's first voyage through such murky legal waters.  *See Banks v. Florida*, No. 219CV756FTM38NPM, 2019 WL 7546620, at *1 (M.D. Fla. Dec. 17, 2019) (noting that plaintiff's complaint was "replete with 'the legal sounding but meaningless verbiage commonly used by adherents to the so-called sovereign citizen movement'" (internal citation omitted)), *report and recommendation adopted*, No. 219CV756FTM38NPM, 2020 WL 108983 (M.D. Fla. Jan. 9, 2020).

1        Nonetheless, because plaintiff is *pro se*, the Court will liberally construe his allegations.
The Court will not dismiss the complaint without leave to amend unless it appears that no
amendment could cure the pleading deficiencies. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248
(9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect . . . a pro se
litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to
dismissal of the action."). It appears that plaintiff is essentially attempting to bring a claim
against a local police officer for initiating a false arrest and giving false testimony and against a
state court judge for issuing an invalid warrant. *See generally* Dkt. 1. The Court considers
whether such a claim could be viable under 42 U.S.C. § 1983.

        "Judges are absolutely immune from damage actions for judicial acts taken within the
jurisdiction of their courts. . . . A judge loses absolute immunity only when [the judge] acts in
the clear absence of all jurisdiction or performs an act that is not judicial in nature." *Schucker v.
Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam) (citations omitted). Plaintiff's
request for $22,500 in damages from defendant Verge is barred by judicial immunity because
plaintiff's complaint seeks damages related to defendant Verge's judicial function of issuing a
bench warrant.

        Police officers such as defendant Huehnerhoff are not entitled to absolute immunity but
are entitled to qualified immunity when (as here) sued in their individual capacities for damages.
The defense of qualified immunity "shields government officials performing discretionary
functions from liability for civil damages 'insofar as their conduct does not violate clearly
established statutory or constitutional rights of which a reasonable person would have known.'"
*Scott v. Henrich*, 39 F.3d 912, 914 (9th Cir. 1994) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800,
818 (1982)).

1    Here, plaintiff does not plausibly allege that defendant Huehnerhoff violated any clearly
2    established constitutional rights.  Plaintiff's bare allegations that the stop was "unlawful[]," that
3    the officer made "false statements," and that the officer "refused to identify hi[m] self" are
4    inadequate to plausibly allege a constitutional violation.  *See* Dkt. 1, at 2–3.  Similarly, plaintiff's
5    bare allegation that defendant Huehnerhoff filed "false findings and presumptions to commence
6    criminal misdemeanor case" is on its face, inadequate to plausibly allege a violation of plaintiff's
7    clearly established rights.  Plaintiff includes no plausible allegations regarding why the citations
8    for driving with a suspended license or failing to obey an officer were false.  *See* Dkt. 1, at 3.

9    The Court notes that plaintiff cites an internet video of the traffic stop in the complaint,
10   and defendants rely on the video in relation to their motion to dismiss.  *See* Dkts. 1, at 2; 11, at 1.
11   The Court may consider a video recording in connection with a motion to dismiss without
12   converting the matter to summary judgment where, as here, the recording is referenced in the
13   complaint and its authenticity is not challenged.  *See, e.g.*, *Knievel v. ESPN*, 393 F.3d 1068, 1076
14   (9th Cir. 2005) ("a court may take into account documents whose contents are alleged in a
15   complaint and whose authenticity no party questions," including a computer disk containing
16   photographs of web pages that was attached to defendant's motion to dismiss); *Garcia v. Doe*,
17   779 F.3d 84, 87 n.2 (2d Cir. 2014) (considering videos in connection with a motion to dismiss
18   and noting that no party contested the inclusion of the video in the court's review of the
19   complaint), *as amended*; *King v. Cty. of L.A.*, No. CV1507072SVWAFM, 2017 WL 6885600, at
20   *5 (C.D. Cal. June 6, 2017), *report and recommendation adopted*, No. CV1507072SVWAFM,
21   2017 WL 6883915 (Nov. 15, 2017) (considering video referenced in attachment to the
22   complaint).

23
24

1     The video of the incident squarely contradicts plaintiff's allegation that defendant Huehnerhoff refused to identify himself and falsified a claim of failure to obey, as it shows the officer providing his contact information and plaintiff refusing to provide his driver's license when requested to do so. *See Scott v. Harris,* 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts[.]").

    In short, the complaint states no cognizable claim, and amendment would be futile.

## CONCLUSION

    The motion to dismiss (Dkt. 10) is granted, and plaintiff's claims are dismissed without leave to amend. Judgment is for defendants, and the case is closed.

    Dated this 5th day of January, 2021.

_____
J. Richard Creatura
United States Magistrate Judge